## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEW YORK

BONNIE NASON, as Administrator of the
Estate of Alisha Patricia Nason,

                                        Plaintiff,

   -against-

FRANKLIN COUNTY, FRANKLIN COUNTY
SHERIFF'S DEPARTMENT, GLENN SCHROYER,
MD, LISA CLARK, RN, and JOHN/JANE DOES 1-3,

                                        Defendants.

Case No.: 9:25-cv-00435
(ECC/TWD)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FRANKLIN COUNTY, FRANKLIN COUNTY SHERIFF'S DEPARTMENT, GLENN SCHROYER, MD and LISA CLARK, RN'S MOTION TO DISMISS

MURPHY BURNS GROUDINE LLP
Attorneys for Defendants
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone (518) 690-0096

Of Counsel:

   Stephen M. Groudine, Esq..

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................1

STANDARD OF REVIEW ....................................................................................................1

ARGUMENT .........................................................................................................................3

POINT I     ALL CLAIMS AGAINST FCSD MUST BE DISMISSED BECAUSE THE FRANKLIN
COUNTY SHERIFF'S OFFICE IS A NON-SUABLE ENTITY............................................3

POINT II    THE PLAINTIFF'S NOTICE OF CLAIM AND THE COUNTY AND FCSD'S LETTERS
TO PLAINTIFF REJECTING HER NOTICE OF CLAIM DUE TO A FAILURE TO
COMPLY WITH GENERAL MUNICIPAL LAW §50-e MAY BE CONSIDERED
WHEN RULING ON THIS MOTION TO DISMISS .............................................................3

POINT III   ALL STATE LAW CLAIMS AGAINST THE COUNTY, DR. SCHROYER, AND RN
CLARK MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY
WITH GENERAL MUNICIPAL LAW § 50-e and COUNTY LAW § 52 .............................5

POINT IV   THE PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS MUST BE
DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER
JURISDICTION .................................................................................................................7

POINT V    PLAINTIFF'S § 1983 DUE PROCESS CLAIM MUST BE DISMISSED BECAUSE THE
PLAINTIFF DID NOT PLEAD FACTS WHICH PLAUSIBLY SUGGEST THAT DR.
SCHROYER OR RN CLARK ACTED WITH DELIBERATE INDIFFERENCE ...............8

    A.   Plaintiff Does Not Plead Facts That Could Plausibly Suggest Deliberate Indifference................9

    B.   The Complaint Does Not Contain Facts That Could Plausibly Suggest The Personal
Involvement Of Dr. Schroyer.....................................................................................9

POINT VI   PLAINTIFF'S § 1983 FAILURE TO INTERVENE AND CONSPIRACY CLAIMS
MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT CONTAIN FACTS
WHICH COULD PLAUSIBLY SUGGEST THE MOVING DEFENDANTS'
PERSONAL INVOLVEMENT .........................................................................................10

    A.   Plaintiff's Second Cause Of Action Alleging Conspiracy Under § 1983 Must Be Dismissed For
Failure To State A Claim .......................................................................................11

    B.   Plaintiff's Second Cause Of Action Alleging Failure To Intervene Under § 1983 Must Be
Dismissed For Failure To State A Claim ...................................................................12

POINT VII  PLAINTIFF'S STATE LAW MEDICAL NEGLIGENCE CLAIM MUST BE
DISMISSED.....................................................................................................................13

POINT VIII PLAINTIFF'S STATE LAW CLAIMS OF NEGLIGENT HIRING, SCREENING,
RETENTION, AND TRAINING MUST BE DISMISSED ................................................13

    A.   Plaintiff's Negligent Hiring and Screening Claims Must Be Dismissed Because
Governmental Immunity Applies...............................................................................14

    B.   Plaintiff's Complaint Does Not Contain Facts Which Could Plausibly Suggest That The
County Was Negligent in Its Hiring, Screening, Retention,  Supervision, and Training...........14

POINT IX     ALL CLAIMS AGAINST THE COUNTY MUST BE DISMISSED BECAUSE
                     PLAINTIFF DID NOT ALLEGE FACTS WHICH COULD PLAUSIBLY SUGGEST
                     THAT THE PLAINTIFF HAS A MONELL CLAIM ..........................................................15

     A.     The Plaintiff Does Not Have A Proper Monell Claim Because There Is No Underlying
             Constitutional Violation..............................................................................................16

     B.     Plaintiff Has Not Alleged Facts Which Could Plausibly Suggest The County Had A Policy
             Or Procedure Which Caused The Plaintiff's Alleged Injuries Or That They Were Negligent
             In Failing To Train Or Supervise Dr. Schroyer And RN Clark ....................................17

POINT X     PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS ALLEGING
                     A VIOLATION OF THE NEW YORK STATE CONSTITUTION MUST BE
                     DISMISSED................................................................................................................18

POINT XI     PUNITIVE DAMAGES MUST BE STRICKEN AGAINST THE COUNTY, FCSD,
                     DR. SCHROYER, AND RN CLARK IN THEIR OFFICIAL CAPACITIES ....................19

CONCLUSION...........................................................................................................................20

## PRELIMINARY STATEMENT

The defendants, Franklin County ("County"), Franklin County Sheriff's Department ("FCSD"), Glenn Schroyer, MD ("Dr. Schroyer") and Lisa Clark, RN ("RN Clark") (hereinafter referred to collectively as the "moving defendants") by and through their counsel, Murphy Burns Groudine LLP, submit this Memorandum of Law in support of the moving defendants' Rule 12(b)(1) and (6) motion to dismiss the plaintiff's Complaint (Dkt. No. 1) in its entirety as it pertains to the moving defendants.

The plaintiff commenced this action with the filing of the Complaint with the U.S. District Court for the Northern District of New York on April 7, 2025. (Dkt. No. 1). Within said Complaint, the plaintiff alleges the following claims (1) Due Process Violations under 42 U.S.C. 1983 against all Defendants; (2) a "Failure to Intervene and Conspiracy" claim under 42 U.S.C. 1983 against Dr. Schroyer, RN Clark, and John/Jane Does 1-3; (3) Medical Negligence against the County, Dr. Schroyer, RN Clark, and John/Jane Does 1-3; (4) "Negligent Hiring, Screening, Retention, Supervision, and Training" against the County and FCSD; and (5) a "Violation of Article I § 12 of the New York State Constitution" against all the defendants (Dkt. No. 1, generally). The instant motion to dismiss is being filed in lieu of an Answer.

## STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief." See Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although

1

a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (*quoting* Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 [2d Cir. 2002]).  A court may also "consider public records", including decisions in prior courts on a pre-answer Motion to Dismiss, especially with regard to a Motion to Dismiss based upon the legal defense of res judicata.  Williams v. N.Y. City Hous. Auth., 816 Fed. Appx. 532, 534 (2d Cir. 2020); See also, Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) ("[R]elevant matters of public record" are susceptible to judicial notice); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," see Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," see Id. at 555 (citation omitted), and present claims that are "plausible on [their] face," Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.  (*quoting* Twombly, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible,

the[ ] complaint must be dismissed[,]" Id. at 570;  Durr v. Slator, 558 F. Supp. 3d 1, 5-6, (N.D.N.Y. 2021).

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint.  Determining the existence of subject matter jurisdiction is a threshold inquiry[.] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Blazquez v. City of Amsterdam, 2023 U.S. Dist. LEXIS 28920 (N.D.N.Y. 2023) (Internal Citations and quotations omitted).

## ARGUMENT

### POINT I

### ALL CLAIMS AGAINST FCSD MUST BE DISMISSED BECAUSE THE FRANKLIN COUNTY SHERIFF'S OFFICE IS A NON-SUABLE ENTITY

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  Arrotta v. Ulster Cnty. Sheriffs Department/Employees, 2022 U.S. Dist. LEXIS 165425, *10 (N.D.N.Y., 2022) (dismissing all claims against the Ulster County Sheriff's Department because a Sheriff's Department is a non-suable entity).  See, Smith v. Oneida Cnty. Sheriff Dep't, 2024 U.S. Dist. LEXIS 108728, *5 (N.D.N.Y., 2024).  As the plaintiff has sued a non-suable entity, the Franklin County Sheriff's Department, all claims against it must be dismissed.

### POINT II

### THE PLAINTIFF'S NOTICE OF CLAIM AND THE COUNTY AND FCSD'S LETTERS TO PLAINTIFF REJECTING HER NOTICE OF CLAIM DUE TO A FAILURE TO COMPLY WITH GENERAL MUNICIPAL LAW §50-e MAY BE CONSIDERED WHEN RULING ON THIS MOTION TO DISMISS

"[A] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Chambers v. Time Warner, Inc.,

282 F.3d 147, 152 (2d Cir. 2002). When considering a Rule 12(b)(6) motion courts may "consider extrinsic material that the complaint incorporates by reference," that is "integral" to the complaint, or of which courts can take judicial notice. Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir., 2021).

The plaintiff's complaint incorporated the validity of his notice of claim by reference as she asserts that he filed "a timely Notice of Claim … for the survivorship claims on March 28, 2024" and a Notice of Claim "for the wrongful death claims on March 19, 2025, within 90 days of Plaintiff's appointment as administrator." Dkt. No. 1, ¶¶ 4, 5. Therefore, the plaintiff's first Notice of Claim filed April 2, 2024, her second Notice of Claim dated February 14, 2025, her "Amended Notice of Claim" dated March 17, 2025 and the subsequent May 21, 2024, February 24, 2025, and March 19, 2025 letters from the County and FCSD, written by and through it's attorneys, rejecting plaintiff's Notices of Claim and "Amended Notice of Claim" are integral to the complaint, may be considered by this Court, and are attached to the accompanying Groudine Affidavit as "Exhibit A," "Exhibit B," "Exhibit C," "Exhibit D," "Exhibit E," and "Exhibit F." Shahzad v. County of Nassau, 2013 U.S. Dist. LEXIS 164736 at *6 (E.D.N.Y., 2013) ("Courts in the Second Circuit may take judicial notice of a notice of claim where a complaint directly references the plaintiff's notice of claim").

In the Second Circuit, Judicial Notice may also be taken of public records. Williams v. N.Y. City Hous. Auth., 816 Fed. Appx. 532, 534 (2d Cir., 2020); Phillips v. City of New York, 2024 U.S. Dist. LEXIS 174656 *6-7 (S.D.N.Y., 2024). Therefore, the Court may take judicial notice of the plaintiff's "Decree Granting Letters of Administration with Limitations" and accompanying Petition filed with the Franklin County Surrogate's Court on or around December 20, 2024, attached to the accompanying Groudine Affidavit as "Exhibit G."

## POINT III

## ALL STATE LAW CLAIMS AGAINST THE COUNTY, DR. SCHROYER, AND RN CLARK MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH GENERAL MUNICIPAL LAW § 50-e and COUNTY LAW § 52

On April 2, 2024, the plaintiff filed a Notice of Claim in Franklin County Clerk's Office as the "Proposed Administrator of the Estate of Alisha Nason" alleging, among other things wrongful death. (Groudine Aff. Exhibit "A") (emphasis added). On May 21, 2024, the moving defendants, by and through their attorneys, sent a letter to the plaintiff rejecting the Notice of Claim for failure to comply with General Municipal Law § 50-e. (Groudine Aff. Exhibit "B"). On February 14, 2025, the plaintiff served the Franklin County Manager's office, again, with a Notice of Claim listing the plaintiff as the "Proposed Administrator of the Estate of Alisha Nason", alleging, among other things wrongful death. (Groudine Aff. Exhibit "C"). On February 24, 2025, the moving defendants, by and through their attorneys, sent a second letter to the plaintiff rejecting her Notice of Claim for failure to comply with General Municipal Law § 50-e. (Groudine Aff. Exhibit "D"). On March 19, 2025, the plaintiff filed an "Amended Notice of Claim" with the Franklin County Clerk's Office. (Groudine Aff. Exhibit "E"). On April 3, 2025, the moving defendants, by and through their attorneys, sent a letter to the plaintiff rejecting her Amended Notice of Claim for failure to comply with General Municipal Law § 50-e. (Groudine Aff. Exhibit "F"). The plaintiff did not file any subsequent Notices of Claim.

While no Notice of Claim is required for actions brought under the federal civil rights statutes, state notice of claim statutes apply to supplemental state law claims brought in federal court. See also, Dotson v. City of Syracuse, 2009 WL 2176127, at *26 (N.D.N.Y., 2009), affd, 549 F. App'x 6 (2d Cir. 2013); Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir., 1999); Wall v. Ballston Spa Cent. Sch. Dist., 2007 WL 603500, at *2 (N.D.N.Y., 2007); Harrington v. Cnty. of Fulton, 153 F. Supp. 2d 164, 172 (N.D.N.Y. 2001); Campbell v.

Higgins, 1994 US Dist. LEXIS 15115, at *9 (W.D.N.Y., 1994).

Pursuant to General Municipal Law §50-e, a notice of claim alleging wrongful death may only be filed after "the appointment of a representative of the decedent's estate."  See, General Municipal Law §50-e.  Compliance with General Municipal Law §50-e "is a condition precedent to bringing a suit against a municipality.  Connolly v. County of Nassau, 41 Misc. 3d 1211, 1211 (Nassau Sup. Ct., 2013); Khela v. City of New York, 91 AD3d 912, 937 (2d Dept. 2012).  Filing a Notice of Claim as a "proposed administratrix" without the letters of administration is improper under General Municipal Law §50-e because a "proposed administratrix" lacks standing to make a claim on behalf the decedent's estate."  Connolly, 41 Misc. 3d at 1211A (dismissing a plaintiff's claim for failure to comply with General Municipal Law §50-e because "as spouse and proposed administratrix" plaintiff lacked standing to make a claim on behalf of her husband's estate) (emphasis added).

Plaintiff's state law claims against the moving defendants must be dismissed for failure to comply with General Municipal Law §50-e and County Law §52 because a "proposed administrator" is not an appointed "representative of the decedent's estate" as required by General Municipal Law §50-e.  See, Connolly, 41 Misc. 3d at 1211.

Even though the plaintiff had identified herself as an "administrator" of the decedent's estate in her "Amended Notice of Claim", the document still failed to comply with General Municipal Law §50-e and County Law §52 because the plaintiff provided no proof with the "Amended Notice of Claim" that she was a proper representative of the decedent's estate for the purposes of filing a Notice of Claim.  That is because the Court can take judicial notice that she was not.  On or about December 20, 2024, Hon. Craig P. Carriero, a New York State Surrogates Court Judge granted the plaintiff "Letters of Administration with Limitations."  (Groudine Aff. Exhibit "G").  The Letters were "limited to the prosecution and defense of the cause of action set

forth in the petition," which, according to the petition, is a "Lawsuit **against state of NY** for wrongful death." (Groudine Aff. Exhibit "G" pp. 1, 3) (emphasis added). However, the Plaintiff's Notice of Claim does not allege any claims "against [the] state of NY". The State of New York is not listed as a respondent in the Plaintiff's Notice of Claim, nor is it listed as a defendant in the plaintiff's subsequent lawsuit. Therefore, when the Plaintiff filed the various Notices of Claim, she was not a lawful representative of the decedent's estate and had no standing for the purposes of filling a Notice of Claim against the moving defendants including the individual defendants who are claimed to have been operating in the scope of their medical services at the County Jail. Therefore, all supplemental state law claims against the moving defendants must be dismissed for failure to comply with General Municipal Law §50-e and County Law §52.

## POINT IV

### THE PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

"New York law provides that wrongful death and survival actions may be brought only by the decedent's personal representative, defined as the person who has received letters to administer the estate of a decedent." Joachim v. United States, 2023 U.S. Dist. LEXIS 173129 *7 (E.D.N.Y., 2023) (dismissing the plaintiff's cause of action due to lack of subject matter jurisdiction because on the date the case was filed Plaintiff had not received the letters of administration) (citing Jordan v Jordan, 120 A.D.3d 632, 990 N.Y.S.2d 874 (2d Dept. 2014); NY EPTL § 1-2.13; § 5-4.1. With respect to a cause of action under §1983, a claim survives for the benefit of the decedent's estate if applicable state law creates a right of survival and may only be asserted by the decedent's duly appointed personal representative. Barrett v. United States, 689 F.2d 324, 331 (2d Cir., 1982); NY EPTL §1-2.13.

For the reasons set forth above, the plaintiff does not have the legal authority or standing to bring this cause of action on behalf of the decedent's estate as "the state of NY" is not a defendant to this lawsuit.  Even if the plaintiff had received the letters of administration without limitation on or after April 7, 2025, that would not cure the defect of the complaint, and her claims must still be dismissed.  See, Joachim, 2023 U.S. Dist. LEXIS 173129, *6-7 (finding that plaintiff's receipt of the letters of testamentary after the complaint was filed did not cure the defect).

## POINT V

### PLAINTIFF'S § 1983 DUE PROCESS CLAIM MUST BE DISMISSED BECAUSE THE PLAINTIFF DID NOT PLEAD FACTS WHICH PLAUSIBLY SUGGEST THAT DR. SCHROYER OR RN CLARK ACTED WITH DELIBERATE INDIFFERENCE

A claim for deliberate indifference to medical needs "should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Iacovangelo v. Corr. Med. Care, Inc., 624 Fed. Appx. 10, 12 (2d. Cir., 2015).  "To state a claim under Section 1983 for constitutionally inadequate medical care under the Fourteenth Amendment's Due Process Clause, a plaintiff must satisfy two elements: (1) an 'objective' element, establishing that the challenged conditions are sufficiently serious, and (2) a 'mental' element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions.  Bilson v. City of New York, 2025 U.S. Dist. LEXIS 77755 (S.D.N.Y., April 23, 2025); Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979).  "[A] challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment.  Bilson, 2025 U.S. Dist. LEXIS 77755, *6 (citing Daniels v. Williams, 474 U.S. 327, 335-36 (1986) Davidson v. Cannon, 474 U.S. 344, 348 (1986).  Id.  Furthermore, "where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support a claim for indifference of medical needs." Evans v. Bonner, 196 F. Supp. 2d 252 (E.D.N.Y., 2002) (quoting Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir., 1978).

**A.     Plaintiff Does Not Plead Facts That Could Plausibly Suggest Deliberate Indifference**

Plaintiff fails to plausibly allege that either the RN Clark or Dr. Schroyer acted recklessly or intentionally.   The Second Circuit has made clear that "mere negligence is not enough to establish deliberate indifference."  Harrison, 219 F.3d at 136 (citing Darnell, 849 F.3d at 36).   At most, plaintiff's allegations suggest that the nurse negligently administered a medication prescribed by Dr. Schroyer.  Her claims, even if true, reflect at most negligent conduct—not the kind of conduct required to satisfy the deliberate indifference standard.

**B.     The Complaint Does Not Contain Facts That Could Plausibly Suggest The Personal Involvement Of Dr. Schroyer**

"Any claim under section 1983 requires that the plaintiff allege and establish the personal involvement of the defendants."  Gakuba v. James, 2024 U.S. Dist. 179203 (N.D.N.Y., 2023).  "To establish this personal involvement, a plaintiff cannot simply assert that an individual was a person in a supervisory capacity over others and is liable because of the actions of those officials, instead a Plaintiff 'must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.'"  Id.  (quoting Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020).

The complaint is devoid of any allegations that Dr. Schroyer had reason to know that the medication was allegedly improperly administered.  Nor does Plaintiff claim that Dr. Schroyer was aware of the condition of the decedent at the time of or after the administration.  The plaintiff does not allege that the medication was administered by someone other than a certified healthcare professional or that only the prescribing doctor could administer the medication.  The mere fact that Dr. Schroyer prescribed the decedent Sublocade, without more, does not demonstrate that he acted with deliberate indifference to the decedent's medical needs.  Accordingly, Dr. Schroyer's mere involvement in the chain of medical care—without specific allegations of intentional or reckless conduct—cannot support liability under §1983.

## POINT VI

### PLAINTIFF'S § 1983 FAILURE TO INTERVENE AND CONSPIRACY CLAIMS MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT CONTAIN FACTS WHICH COULD PLAUSIBLY SUGGEST THE MOVING DEFENDANTS' PERSONAL INVOLVEMENT

"In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show 'a tangible connection between the acts of a defendant and the injuries suffered.'" Harris v. Binghamton Police Dep't, 2023 U.S. Dist. LEXIS 13190, at *16-19 (N.D.N.Y. Jan. 26, 2023) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986); See also, Wright v. Orleans Cty., 2015 U.S. Dist. LEXIS 121653 (W.D.N.Y., 2015) (noting in a §1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (citation and quotation marks omitted)); Holmes v. Allstate Corp., 2012 U.S. Dist. LEXIS 24883, 2012 WL 627238, at *7, (S.D.N.Y., 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it").

The plaintiff's Failure to Intervene and Conspiracy claims rely excessively and impermissibly on group pleadings. The Complaint fails to distinguish the actions of RN Clark, Dr. Schroyer, or John/Jane Does 1-3 which is fatal to the complaint. Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d. Cir., 2001) (a complaint may properly be dismissed where the plaintiff "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct"). For example, in paragraph 42, it specifies that "[t]he individual defendant's failed to intervene …," paragraph 45 states "[T]he individual Defendants … conspired," and paragraphs 43 and 45 contain similar conclusory allegations against the unspecified "individual defendants." Failing to distinguish the actions of RN Clark and Dr. Schroyer is fatal to the complaint. As pled, the Complaint fails to provide Dr. Schroyer or RN Clark with notice of what unlawful conduct

they are claimed to have engaged in.

Therefore, the plaintiff's conspiracy and failure to intervene claims must be dismissed as they rely on improper group pleadings, providing no factual basis which would plausibly suggest personal involvement with respect to the moving defendants.

**A.**    **Plaintiff's Second Cause Of Action Alleging Conspiracy Under § 1983 Must Be Dismissed For Failure To State A Claim**

However, even if the plaintiff's cause of action did not rely on improper group pleadings, his conspiracy claim must be dismissed for failure to state a claim.  "To state a § 1983 conspiracy claim, the plaintiff 'must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Frederick v. City of New York, 2016 U.S. Dist. LEXIS 39828, *73-74 (E.D.N.Y., 2016) (quoting Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). "Vague and unsupported assertions of a claim of conspiracy, either under Section 1983 or Section 1985, will not suffice to state a claim upon which relief can be granted."  Kelly v. Florence, 2024 U.S. Dist. LEXIS 224716, *21 (S.D.N.Y., 2024).

Plaintiff's §1983 conspiracy claim must be dismissed because the plaintiff fails to allege any agreement between RN Clark, Dr. Schroyer, John/Jane Does 1-3, or any "other individuals" to deprive the decedent of his civil rights. Instead, the complaint only contains conclusory and speculative allegations.  See, Dkt. No. 1 ¶ 42-45.  Jae Soog Lee v. Law Office of Kim & Bae PC., 530 F. App'x 9, 10 (2d Cir., 2013) (upholding dismissal of section 1983 claim because the complaint lacked "allegations, made in a non-conclusory way, setting out the overt acts, and the agreement, that allegedly comprised the conspiracy").  Frederick v. City of New York, 2016 U.S. Dist. LEXIS 39828 (E.D.N.Y., 2016) (dismissing the plaintiff's §1983 conspiracy claim for failure to state a claim where plaintiff failed to allege an agreement between defendants to cause plaintiff's termination or to harm plaintiff in any other manner).  The plaintiff's § 1983 conspiracy claim

against the moving Defendants must be dismissed as it relies on improper bare-bones group pleading without alleging the personal involvement of any of the defendants and it relies on mere conclusory allegations of an agreement. See, Johnson, 2025 U.S. Dist. LEXIS 61463 * 5; Warheit, 271 Fed. Appx. at 126; Nunez, 2016 U.S. Dist. LEXIS 44678, at *5.

**B.**     **Plaintiff's Second Cause Of Action Alleging Failure To Intervene Under § 1983 Must Be Dismissed For Failure To State A Claim**

"To state a failure-to-intervene claim, a plaintiff must allege that '(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer [did] not take reasonable steps to intervene.'" Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008); Bovee v. Auburn Police Dep't, 2024 U.S. Dist. LEXIS 196681, *5 (N.D.N.Y., 2024).

Plaintiff's Failure to Intervene claim must be dismissed because, for the reasons set forth above, there was no underlying constitutional violation from which a Failure to Intervene claim could be based. Walker v. City of New York, 2014 U.S. Dist. LEXIS 197314, 2014 WL 12652345, at *12 (E.D.N.Y Sept. 3, 2014) aff'd, 638 Fed. Appx. 29 (2d Cir. 2016) ("To prevail on a failure to intervene claim a plaintiff must demonstrate the existence of an underlying constitutional violation in which the defendant officer failed to intervene.")   Furthermore, the plaintiff's complaint is based solely on conclusory and speculative allegations that RN Clark and Dr. Schroyer had an opportunity to intervene.   Nor does the plaintiff allege that RN Clark or Dr. Schroyer were even present when the decedent requested medical attention from an unspecified individual. See, Dkt. No. 1 ¶ 28, 42. Bovee, 2024 U.S. Dist. LEXIS 196681 at *6 (Dismissing a cause of action for failure to intervene where "[p]laintiff provides no facts to support an inference that there was a sufficient opportunity for these defendants to intervene, much less to support the inference that these defendants were even present for the underlying alleged assault). The plaintiff

§ 1983 Failure to Intervene claim against the moving Defendants must be dismissed as it relies on improper bare-bones group pleadings without alleging facts which could plausibly suggest that RN Clark and Dr. Schroyer had any opportunity to intervene.

**POINT VII**

**PLAINTIFF'S STATE LAW MEDICAL NEGLIGENCE CLAIM MUST BE DISMISSED**

For the reasons set forth above, the plaintiff's supplemental state law claim alleging medical negligence must be dismissed for failure to comply with General Municipal Law §50-e and County Law §52 and she lacks standing.  Furthermore, even if the plaintiff had properly and timely complied with the Notice of Claim requirements of General Municipal Law §50-e and County Law §52, to the extent that the plaintiff asserts a claim against Franklin County under the doctrine of *respondeat superior* that claim must be dismissed because the complaint does not allege facts which could plausibly suggest that RN Clark and Dr. Schroyer were employees of the County.  Instead, she alleges only that they "provided medical care in the Franklin County Jail." K.I. v. New York City Bd. of Educ., 256 A.D.2d 189, 191(1st Dept., 1998) ("Respondeat superior cannot exist without a present employer-employee relationship").

**POINT VIII**

**PLAINTIFF'S STATE LAW CLAIMS OF NEGLIGENT HIRING, SCREENING, RETENTION, AND TRAINING MUST BE DISMISSED**

For the reasons set forth above, the plaintiff's state law claims alleging Negligent Hiring, Screening, Retention, and Training must be dismissed because the plaintiff did not file a timely or proper Notice of Claim as per General Municipal Law §50-e and County Law §52 or have standing to bring this lawsuit.  However, even if the plaintiff had properly complied with General Municipal Law §50-e and County Law §52, the plaintiff's claims must still be dismissed because Governmental Immunity applies, and the plaintiff did not assert facts which could plausibly suggest that the County was negligent in its retention, supervision, or training.

**A.    Plaintiff's Negligent Hiring and Screening Claims Must Be Dismissed Because Governmental Immunity Applies**

Under the doctrine of governmental immunity, when a public entity engages in a discretionary action taken during the performance of governmental functions, it is shielded from liability. Stevens & Thompson Paper Co. Inc. v. Middle Falls Fire Dept., Inc., 188 A.D.3d 1504, 1505 (3d Dept., 2020); McGreevy v. McClure, 2022 N.Y. Misc. LEXIS 4824 (Washington Cnty. Sup. Ct., 2022); Stevens & Thompson Paper Co. Inc. v. Middle Falls Fire Dept., Inc., 188 A.D.3d 1504, 1505 (3d Dept., 2020). "Negligent hiring claims are generally barred against public agencies under the doctrine of governmental function immunity." Griffin v. Servia Inc., 29 N.Y.3d 174, 184 (Ct. App., 2017); See e.g. Mon v City of New York, 78 NY2d 309, 313-16 (Ct. App., 1991). Assuming *arguendo* that the plaintiff had pleaded facts which could have plausibly suggested that Dr. Schroyer and RN Clark were hired by the County, her claim would still fail because the alleged negligent hiring and retention resulted from the exercise of discretion by the County, and therefore governmental immunity applies. Mon., 78 N.Y.2d 309 *313 (finding that "the essence of plaintiffs' negligent hiring claims is allegedly mistaken exercise of discretion" in hiring the employee therefore the municipality was protected from liability under governmental immunity). McGreevy, 2022 N.Y. Misc. LEXIS 4824 * 11-12 (dismissing claims against a municipality for negligent hiring and retention finding that the actions were discretionary and governmental immunity applies); Staudt v. Sterling Mets, LP, 2011 N.Y. Misc. LEXIS 6010, *6 (Queens Cnty., 2011) (finding that claims for  "negligent hiring, retention and training are also clearly discretionary rather than ministerial and may not form the basis of liability against the City").

**B.    Plaintiff's Complaint Does Not Contain Facts Which Could Plausibly Suggest That The County Was Negligent in Its Hiring, Screening, Retention,  Supervision, and Training**

"To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the

defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." Doe v. City of New York, 2013 U.S. Dist. LEXIS 30010, *12 (S.D.N.Y., 2013). Similarly, "It is well-established that negligent supervision or training claims require a showing that the employer had actual or constructive knowledge of the employee's propensity for the conduct which caused the injury." Mojica v. City of New York, 2025 N.Y. Misc. LEXIS 5321, *11 (N.Y. Sup. Ct., June 3, 2025); (citing Olsen v. Butler, 227 A.D.3d 916, 918 (2d Dept., 2024)). "A prior incident similar in nature is ordinarily necessary to impute such knowledge." Id.

For the reasons set forth above, the plaintiff failed to plead facts which could plausibly suggest that the RN Clark and Dr. Schroyer were even employed by the County. Further, the plaintiff has not plausibly alleged that RN Clark or Dr. Schroyer had a propensity to improperly administer or prescribe medication or had any prior incident similar in nature. See, Doe, 2013 U.S. Dist. LEXIS 30010, *16-18 (finding that a municipality could not be held liable under negligent hiring/supervision where the complaint contained no facts which could create a "basis on which to impute the City's knowledge of the defendants' criminal propensities").

## POINT IX

### ALL CLAIMS AGAINST THE COUNTY MUST BE DISMISSED BECAUSE PLAINTIFF DID NOT ALLEGE FACTS WHICH COULD PLAUSIBLY SUGGEST THAT THE PLAINTIFF HAS A MONELL CLAIM

"In order to establish municipal liability, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998). "Although this rule 'does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a

municipal policy." <u>Id</u>. (quoting <u>Ricciuti v. New York City Transit Auth</u>.. 941 F.2d 119, 123 (2d Cir. 1991)). "The inference that a policy existed may, however, be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges." <u>Id</u>.

To successfully assert a <u>Monell</u> claim under the failure to train theory, the Plaintiff must allege facts that support an inference that "Municipal Defendants failed to train their employees, that they did so with deliberate indifference, and that the failure to train caused his constitutional injuries." <u>Williams v. Fryermuth</u>, 2024 U.S. Dist. LEXIS 193283, *12 (S.D.N.Y. 2024) (citing, <u>Rutherford</u>, 2020 U.S. Dist. LEXIS 14113, at *13). "A plaintiff, in its pleading, must also 'clearly point out the deficiencies in defendants' training programs.'" <u>Id</u>. (quoting <u>Vasquez v. City of New York</u>, U.S. Dist. LEXIS 219614, at *6 (S.D.N.Y., 2023)). "To prove deliberate indifference, a plaintiff must prove that the municipality failed to take corrective measures despite having 'actual or constructive notice that' a deficiency in its 'training [or supervising] program' was 'caus[ing] [county] employees to violate citizens' constitutional rights. This generally requires a plaintiff to prove that the constitutional violation underlying his claim was preceded by '[a] pattern of similar constitutional violations.'" <u>Id.</u> at 62. <u>Greene v. City of New York</u>, 742 Fed. Appx. 532, 536 (quoting <u>Connick v. Thompson</u>, 563 U.S. 51, 61-62 (2011)).

**A.** **<u>The Plaintiff Does Not Have A Proper Monell Claim Because There Is No Underlying Constitutional Violation</u>**

The County cannot be held liable under <u>Monell</u> because for the reasons set forth above there is no underlying constitutional violation. <u>Sims v. City of New York</u>, 2018 U.S. Dist. LEXIS 212966, *11 ("When there is no underlying constitutional violation, therefore, there can be no

municipal liability under <u>Monell</u>).

**B.**  **Plaintiff Has Not Alleged Facts Which Could Plausibly Suggest The County Had A Policy Or Procedure Which Caused The Plaintiff's Alleged Injuries Or That They Were Negligent In Failing To Train Or Supervise Dr. Schroyer And RN Clark**

Even if the plaintiff had sufficiently plead an underlying constitutional deprivation, her <u>Monell</u> claim must still be dismissed because a conclusory allegation that the alleged wrongdoing by Dr. Schroyer and RN Clark was part of the County's "policies and procedures" is insufficient to establish a municipal policy or custom.  Dkt. No. 1 ¶ 38.  <u>Johnson v. City of New York, 2011 U.S. Dist. LEXIS 15867, *8-9</u> (S.D.N.Y., 2011) (dismissing an arrestee's Monell claim against a municipality where inter alia the arrestee merely alleged "that the alleged wrongdoing by the Detectives and other NYPD personnel was part of a policy or custom employed by Defendant" without alleging any similar instances in the past).  Furthermore, the plaintiff alleges only a single incident and never alleges that the moving defendants have been responsible for similar incidents in the past.  <u>See</u>, <u>Id.</u>

To the extent that the plaintiff's complaint can be construed to allege a <u>Monell</u> claim for failure to train, this claim must also be dismissed because the plaintiff relies solely on conclusory and speculative allegations.  Although plaintiff asserts in a conclusory manner that the County "failed to properly train and supervise the individual defendants to ensure that Sublocade was properly administered and that, following administration, J.B. Nason was monitored for side effects and signs of overdose." Dkt. No. 1 ¶ 53.  This allegation is insufficient as the plaintiff has not "pled facts suggesting that the constitutional deprivations they suffered were the consequence of training or supervisory deficiencies." <u>Marte v. New York City Police Dep't</u>., 2010 U.S. Dist. LEXIS 109932, at *7-8 (S.D.N.Y. Oct. 12, 2010).  Furthermore, the complaint is devoid of identification of any defective procedural manual or training guide relating to Sublocade administration or how said training manual or guide.  Instead, the plaintiff improperly speculates

that because this single incident occurred, the County had defective training practices. <u>Williams</u> 2024 U.S. Dist. LEXIS 193283, *12; <u>Johnson v. City of New York</u>, 2011 U.S. Dist. LEXIS 15867, *8-9 (S.D.N.Y., 2011) (dismissing an arrestee's <u>Monell</u> claim against a municipality where inter alia the arrestee merely a deficient training or supervision program but did not "identify procedural manuals or training guides, nor [did he] highlight relevant particular aspects of police training or supervision"). <u>Williams</u> 2024 U.S. Dist. LEXIS 193283, *12 (finding that an inmates allegations did not support a Monell claim under failure to train where (1) plaintiff merely asserts conclusory allegations regarding the municipal defendant's training protocols; and (2) failed to successfully plead deliberate indifference by omitting evidence of any "pattern of similar violations).

Similarly, plaintiff did not plead facts sufficient to establish a claim for failure to supervise. In order to properly state a <u>Monell</u> claim under "failure to supervise" plaintiff must plead facts showing a "patten of actual, similar constitutional activity". <u>Id</u>. The complaint is devoid of such allegations. Therefore, the plaintiff did not plead facts which could plausibly allege a <u>Monell</u> claim for failure to supervise.

## **POINT X**

### **PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS ALLEGING A VIOLATION OF THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED**

The plaintiff's claims which allege a violation of the New York State Constitution must be dismissed because she did not serve Notices of Claim in compliance with General Municipal Law 50-e and County Law §52 and she has no standing. <u>Indig v. Vill. of Pomona</u>, 2021 U.S. Dist. LEXIS 159890, *4 (dismissing a plaintiff's claims under the New York State Constitution where the plaintiff failed to file a Notice of Claim). However, even if that plaintiff had properly filed a Notice of Claim and had proper standing, her claims under the New York State Constitution must be dismissed as duplicative. The Second Circuit "maintain[s] the 'common view' that 'there is no

18

right for action under the New York State Constitution for claims that can be brought under §

1983." Hamilton v. Martucello, 2025 U.S. Dist. LEXIS 39734 (W.D.N.Y., Feb. 28, 2025) (quoting

Gounden v. City of New York, 2015 U.S. Dist. LEXIS 134887 at *5 n.3 (E.D.N.Y., 2015); Clay

v. Bishop, 2023 U.S. Dist. LEXIS 65343, *17 (N.D.N.Y., 2023).  "Accordingly, a private cause

of action under the New York State Constitution is usually available only in cases in which a

plaintiff has no alternative remedy." Clay, 2023 U.S. Dist. LEXIS 65343, *17 (N.D.N.Y., 2023).

The plaintiff asserts claims for damages under section 1983, alleging federal Constitutional

violations relating to the decedent's medical treatment.  Dkt. No 1.  Those claims relate to the same

conduct that the plaintiff says also violated his rights under the New York Constitution.  Id.

(dismissing a plaintiff's State Law Constitutional claims where he asserted claims arising out of

the same conduct under section 1983).  Wahad v. FBI, 994 F. Supp. 237, 240 (S.D.N.Y., 1983)

("[s]ection 1983 need not provide the exact same standard of relief in order to provide an adequate

remedy").  Therefore, his fifth cause of action alleging constitutional violations under the New

York Constitution must be dismissed because the plaintiff has alternative remedies under §1983

and common law.

## POINT XI

### PUNITIVE DAMAGES MUST BE STRICKEN AGAINST THE COUNTY, FCSD, DR. SCHROYER, AND RN CLARK IN THEIR OFFICIAL CAPACITIES

In the event the Complaint survives, it is clearly established law that "no claim for punitive

damages lies against a governmental entity (See, City of Newport v Fact Concerts, Inc., 453 US

247, 266-270 (1981); Sharapata v Town of Islip, 56 NY2d 332, 338-339 (1982); Miller v City of

Rensselaer, 94 AD2d 862, 862 (1983)."  Matter of Ken Mar Dev., Inc. v. Dept. of Pub. Works of

City of Saratoga Springs, 53 AD3d 1020, 1025 (3d Dept., 2008).  Punitive damages also do not

apply to municipal employees sued in their official capacity.  Krause v. Buffalo & Erie County

Workforce Dev. Consortium, Inc., 426 F. Supp. 2d 68, 106 (W.D.N.Y., 2005); Ivani Contr. Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir., 1997). To the extent that the plaintiff's complaint can be construed as alleging a cause of action against Dr. Schroyer and RN Clark in their official capacities, any allegations of punitive damages against them, the County, and the FCSD must be stricken from the Complaint.

## CONCLUSION

For all of the foregoing reasons, the defendants' Motion to Dismiss should be granted and plaintiff's Complaint dismissed in its entirety.

Dated: July 21, 2025

MURPHY BURNS GROUDINE LLP

By: _____
Stephen M. Groudine, Esq.
Bar Roll No.: 516070
Attorneys for Defendants
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email: sgroudine@mbglawny.com

TO:    RICKNER PLLC
       Attn: Rob Rickner, Esq.
       Attorneys for Plaintiff
       14 Wall Street, Suite 1603
       New York, New York 10005
       Telephone: (888) 390-5401