## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

BONNIE NASON, as Administrator of the
Estate of Alisha Patricia Nason,

                                        Plaintiff,

-against-

FRANKLIN COUNTY, FRANKLIN COUNTY
SHERIFF'S DEPARTMENT, GLENN SCHROYER,
MD, LISA CLARK, RN, and JOHN/JANE DOES 1-3,

                                        Defendants.

Case No.: 9:25-cv-00435
(ECC/TWD)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS FRANKLIN COUNTY, FRANKLIN COUNTY SHERIFF'S DEPARTMENT, GLENN SCHROYER, MD and LISA CLARK, RN'S MOTION TO DISMISS

MURPHY BURNS GROUDINE LLP
Attorneys for Defendants
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone (518) 690-0096

Of Counsel:

    Stephen M. Groudine, Esq..

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    POINT I

        PLAINTIFF CONSENTS TO DISMISSAL OF CERTAIN CLAIMS .................................... 1

    POINT II

        ALL STATE LAW CLAIMS AGAINST THE COUNTY, DR. SCHROYER, AND RN CLARK MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH GENERAL MUNICIPAL LAW § 50-e AND COUNTY LAW § 52 ....................................... 1

    POINT II

        PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION ................................................................................................................... 3

    POINT III

        PLAINTIFF'S § 1983 DUE PROCESS CLAIM MUST BE DISMISSED .............................. 4

    POINT IV

        PLAINTIFF'S STATE LAW MEDICAL NEGLIGENCE CLAIM AGAINST THE COUNTY AND DR. SCHROYER MUST BE DISMISSED .................................................. 7

    POINT V

        PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS, ALLEGING A VIOLATION OF THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED .... 8

CONCLUSION ............................................................................................................................... 9

## PRELIMINARY STATEMENT

The defendants, Franklin County ("County"), Franklin County Sheriff's Department ("FCSD"), Glenn Schroyer, MD ("Dr. Schroyer") and Lisa Clark, RN ("RN Clark") (hereinafter referred to collectively as the "moving defendants") by and through their counsel, Murphy Burns Groudine LLP, submit this Reply Memorandum of Law in further support of the moving defendants' Rule 12(b)(1) and (6) motion to dismiss the plaintiff's Complaint (Dkt. No. 1) in its entirety as it pertains to the moving defendants.

## ARGUMENT

### POINT I

### PLAINTIFF CONSENTS TO DISMISSAL OF CERTAIN CLAIMS

Plaintiff does not contest the dismissal of the following claims: (1) all claims against Franklin County Sheriff's Office; (2) all 42 U.S.C. 1983 claims against Dr. Schroyer and the Doe Defendants; (3) her "second claim for relief" alleging failure to intervene and conspiracy; and (4) her "fourth claim of relief" alleging negligent hiring, screening, retention, supervision, and training." As plaintiff does not contest their dismissal, the above-mentioned claims must be dismissed.

### POINT II

### ALL STATE LAW CLAIMS AGAINST THE COUNTY, DR. SCHROYER, AND RN CLARK MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH GENERAL MUNICIPAL LAW § 50-e AND COUNTY LAW § 52

As previously stated in the defendants' initial motion papers, the filing of a Notice of Claim pursuant to General Municipal Law § 50-e and County Law § 52 is a condition precedent to filing a supplemental state law claim in federal court against a municipality. See, Dotson v. City of Syracuse, 2009 WL 2176127, at *26 (N.D.N.Y., 2009), *affd*, 549 F. App'x 6 (2d Cir. 2013); Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir., 1999); Wall v. Ballston Spa

1

Cent. Sch. Dist., 2007 WL 603500, at *2 (N.D.N.Y., 2007); Harrington v. Cnty. of Fulton, 153 F. Supp. 2d 164, 172 (N.D.N.Y. 2001); Campbell v. Higgins, 1994 US Dist. LEXIS 15115, at *9 (W.D.N.Y., 1994). Courts in New York State, well after the plaintiff's 1954 cited case of Winbush v. Mt. Vernon, 306 N.Y. 327 (1954), have repeatedly and recently held that a proposed administrator does not have the legal capacity to act on behalf of an estate for the purpose of filing a Notice of Claim. Billman v. City of Port Jervis, 23 Misc. 3d 1127(A), 1127A (Orange County, 2009), affd. 71 A.D.3d 932, 897 (2d. Dept., 2013) (dismissing plaintiff's complaint on behalf of the decedent's estate for failure to comply with General Municipal Law Section 50-e because the claimants did not have "legal standing to act, make a claim, or sue on behalf of the decedent's estate" where they filed a notice of claim prior to the letters of administration being issued); Connolly v. County of Nassau, 41 Misc. 3d 1211(A), 1211A (Nassau County, 2013) (finding that a plaintiff did not have standing to make a claim on behalf of the decedent's estate where she filed a notice of claim as a proposed administrator and did not have the letters of administration at the time of filing). The Court is without the authority or discretion to simply correct the specification of parties in a notice of claim. Moore v. Melesky, 14 AD3d 757, 759 (3d Dept. 2005).

Plaintiff filed the first Notice of Claim on behalf of Mr. Nason's estate as a "proposed administrator." See, Dkt. No. 7-4. However, a "proposed administrator" is not an appointed "representative of the decedent's estate" who has standing to file a Notice of Claim on behalf of a decedent's estate as required by General Municipal Law § 50-e. See, Connolly, 41 Misc. 3d at 1211A; Billman, 23 Misc. 3d at 1127A. Similarly, when plaintiff filed her "Amended Notice of Claim" and listed herself as "administrator," she was not a duly appointed administrator of Mr. Nason's estate for the purpose of filing a Notice of Claim. Her "Letters of Administration with Limitations only allowed her to bring a "Lawsuit **against the state of NY** for wrongful death." See, Dkt. No. 7-8. These objections were stated in the County's rejection letters in response to the

2

service of each document.  When the plaintiff filed the Notice of Claim, she did not have legal standing to make a claim on behalf of the estate against the county because she was not an administrator of the estate.  Billman, 23 Misc. 3d at 1127A.  Plaintiff lacked capacity at the critical time when the notice of claim was filed.  Therefore, all supplemental state law claims against the moving defendants must be dismissed for failure to comply with GML §50-e and County Law §52.

In the event the Court were to deem the Notice of Claim timely and properly filed, the defendants would respectfully request that the Court allow Franklin County to preserve its rights under the General Municipal Law to conduct a General Municipal Law §50-h examination of the plaintiff, Bonnie Nason.

### POINT II

### PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

Rule 17(b)(3) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located…" Dubois v. Beaury, 2020 U.S. Dist. LEXIS 222641, *2 (N.D.N.Y., 2020) (Citing F.R.C.P., 17(b)(3)).  "New York law provides that wrongful death and survival actions may be brought only by the decedent's personal representative, defined as the person who has received letters to administer the estate of a decedent." Joachim v. United States, 2023 U.S. Dist. LEXIS 173129 *7 (E.D.N.Y. 2023).  In Joachim, the Eastern District, applying New York law, held that obtaining letters testamentary two months after filing suit did not cure the jurisdictional defect arising from the plaintiff's lack of capacity at the time of filing.  The court emphasized that standing "must be judged as of the commencement of the plaintiff's suit."  2023 U.S. Dist. LEXIS 173129 *7.  Plaintiff's critique of Joachim, arguing that it did not apply state law, is misplaced as the court

3

clearly applied New York state law to the standing issue and dismissed plaintiff's complaint. See, Id. at 7. Furthermore, plaintiff's reliance on the 1954 case of Winbush v. Mt. Vernon, 306 N.Y. 327 (1954) here is misplaced. Winbush, *supra* dealt with a plaintiff seeking leave to file a late notice of claim, not the issue of proper standing for commencing a lawsuit.

Plaintiff concedes she was not appointed administrator for purposes of commencing this lawsuit at the time this lawsuit was filed. Dkt. No. 7-8, pp. 1, 3. Defendants filed the instant motion to dismiss, alleging *inter alia* that plaintiff did not have the capacity to sue on July 21, 2025. Plaintiff was not granted the appropriate letters of administration until October 2, 2025, while this motion was pending and immediately before plaintiff's extended deadline to file opposition to the defendants' motion to dismiss. Therefore, on the date of the commencement of this action and on the date of the subsequent motion to dismiss plaintiff lacked the capacity to sue. Plaintiff's futile attempt to cure this substantive defect after the motion to dismiss was filed does not change the fact that she did not have the capacity to bring a suit on behalf of the estate at the time of filing or when the motion to dismiss was filed. Therefore, plaintiff's complaint and the service of the same on her behalf is a nullity and must result in dismissal. See, Deutsch v. LoPresti, 272 AD2d 506 (2d Dept. 2000) (dismissing plaintiff's action because they had not obtained letters of administration at the time the action was commenced); Joachim, 2023 U.S. Dist. LEXIS 173129 *7; Upton-Sims v. Grand Manor Nursing & Rehab. Ctr., 2019 N.Y. Misc. LEXIS 24018, *9 (Bronx Co. 2019) (dismissing plaintiff's complaint finding she lacked capacity to sue because there was no duly appointed administration at the time of the commencement of the suit).

## POINT III
## PLAINTIFF'S § 1983 DUE PROCESS CLAIM MUST BE DISMISSED

Plaintiff correctly states the applicable law with respect to this claim, that under the 14th Amendment, she must allege an objective prong that Mr. Nason's medical need was "sufficiently

serious" and a *mens rea* prong, demonstrating that the defendant "recklessly failed to act with reasonable care" despite having known or should have known of the excessive risk to health. Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir., 2017). Regardless, "mere negligence is not enough to establish deliberate indifference." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir., 200) (*citing* Darnell v. Pineiro, 849 F.3d 17, 36 (2d Cir., 2017).

Plaintiff alleges only a single instance of allegedly improper injection. Such an allegation amounts to at most negligence, which does not rise to the level of reckless disregard by RN Clark required to constitute deliberate indifference. See, Id.; Tutora v. Correct Care Sols., LLC, 2019 U.S. Dist. LEXIS 52311, *14 (S.D.N.Y. 2019) (finding that plaintiff's complaint that a doctor's "incompetent decisions" caused his injuries was insufficient to establish deliberate indifference).

Additionally, plaintiff's deliberate indifference claim against the County must be dismissed because plaintiff's pleadings rely solely on speculative and conclusory allegations that the County failed to train RN Clark. The plaintiff in her opposition incorrectly claims that she "need only plead that the city's failure to train caused the constitutional violation." Dkt. No 12 p. 13 *quoting* Amnesty Am. v. Town of West Hartford, 361 F. 3d 113, 130 n. 10 (2d. Cir. 2004). This misstates the law and is fatal to her motion. Despite plaintiff's flawed assertion, Amnesty no longer reflects current pleading standards. Doe v. City of New York, 2018 U.S. Dist. LEXIS 134914, *23 ("Although there is dicta in *Amnesty America* that suggests that conclusory allegations about a municipality's failure to train its employees may be sufficient to survive a motion to dismiss, this no longer holds true in light of the Supreme Court's subsequent decisions in *Iqbal* and *Twombly*"). "A plaintiff's burden has increased following the Supreme Court's decisions in Iqbal and Twombly: the Second Circuit has indicated that some non-conclusory allegation as to deficient training programs is necessary at the pleading stage". Sims v. City of New York, 2017 U.S. Dist.

5

LEXIS 139107, *11 (S.D.N.Y. 2017) *citing* Simms v. City of New York, 480 Fed. Appx. 627, 631 (2d. Cir. 2012); Smith v. Collins, 2016 U.S. Dist. LEXIS 23710, *6 (S.D.N.Y. 2016).

Plaintiff's complaint is devoid of any reference to a specific deficiency in the municipality's training. Instead, she relies solely on speculative allegations that RN Clark's training was defective. For example, she alleges that "Defendant Lisa Clark, RN either was not properly trained to administer Sublocade… or she was trained to administer Sublocade and ignored that training." As plead, plaintiff's complaint fails to even allege that the municipality's training caused the constitutional violations. By her own omission, it is just as likely that the individual defendant was given proper training and ignored it. Furthermore, plaintiff merely concludes that the training was defective without providing any facts that could plausibly support such a contention. Plaintiff's speculative allegations without identifying any particular training procedure are insufficient to establish a Monell claim. See Vasquez v. City of New York, 2023 U.S. Dist. LEXIS 219614, *19 (S.D.N.Y. 2023) (dismissing plaintiff's Monell claim under failure to train where he failed to plead any specific deficiency within the municipalities training programs and "he does not identify procedural manuals or training guides nor does he highlight relevant particular aspects of police training regarding excessive force, as would be required to plead a failure to train claim"); Marte v. New York City Police Dep't., 2010 U.S. Dist. LEXIS 109932, at *7-8 (S.D.N.Y. 2010); Johnson v. City of New York, 2011 U.S. Dist. LEXIS 15867, *8-9 (S.D.N.Y. 2011).

Lastly, plaintiff concedes through silence that her Monell claims based on an unspecified "policies and procedures" and a failure to supervise must be dismissed.

## POINT IV

## PLAINTIFF'S STATE LAW MEDICAL NEGLIGENCE CLAIM AGAINST THE COUNTY AND DR. SCHROYER MUST BE DISMISSED

To the extent that plaintiff's complaint can be construed to assert a medical negligence claim against the County under the *respondeat superior theory*, that claim fails. The Complaint does not allege any facts showing that RN Clark or Dr. Schroyer were County employees. Plaintiff merely asserts that they "provided medical care in the Franklin County Jail," which, without more, does not allege or establish an employment relationship required for liability under *respondeat superior*. See, K.I. v. New York City Bd. Of Educ., 256 A.D.2d 189, 191 (1 Dept. 1998). Plaintiff's medical negligence claims against the County must be dismissed.

Plaintiff, in her opposition, appears to allege for the first time that Dr. Schroyer was negligent in failing to warn Mr. Nason of the dangerous risks of Sublocade. However, such allegations, which are not contained within the four corners of plaintiff's complaint, cannot be considered in deciding a motion to dismiss. See Ferreira v. N.Y.C. Dep't of Educ., 2024 U.S. Dist. LEXIS 14411, at *3 (S.D.N.Y., 2024) ("New facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss"). Plaintiff's attempt to assert these allegations for the first time on opposition appears to be a futile attempt to preserve her medical negligence claim against Dr. Schroyer, who merely prescribed the medication to the decedent. Plaintiff's medical negligence claims stem from an alleged improper injection of the medication. However, plaintiff's complaint is devoid of any allegation that Dr. Schroyer injected the medication, entrusted anyone other than a trained medical professional to administer the medication, or that he was required to supervise the trained medical professional who injected the medication. Plaintiff's medical negligence claims against Dr. Schroyer must be dismissed.

7

## POINT V

### PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS, ALLEGING A VIOLATION OF THE NEW YORK STATE CONSTITUTION, MUST BE DISMISSED

Plaintiff concedes through silence that her claims under the New York State Constitution against RN Clark and Dr. Schroyer must be dismissed because she has alternative remedies under § 1983 and common law. To the extent plaintiff contends that her claim against the County should proceed because § 1983 does not permit recovery under a theory of *respondeat superior*, that argument fails. The law is clear that "§ 1983 need not provide the exact same standard of relief in order to provide an adequate remedy," in order for claims under the New York Constitution to be dismissed as duplicative. Wahad v. FBI, 994 F. Supp. 237, 240 (S.D.N.Y. 1983). Section 1983 does provide an adequate remedy, irrespective of whether it allows for municipal liability. See, Rodriguez v. City of New York, 2020 U.S. Dist. LEXIS 40534, *9 (S.D.N.Y. 2020) (dismissing plaintiff's state law constitutional claims, finding that they are duplicative of his claims under the New York State Constitution because he had an adequate remedy under § 1983, rejecting his argument that the remedy under § 1983 was inadequate due to its prohibition on respondeat superior liability). Here, plaintiff asserts identical violations under both § 1983 and the New York Constitution. Accordingly, her state constitutional claims must be dismissed as duplicative.

## POINT VI

### PUNITIVE DAMAGES MUST BE STRICKEN AGAINST THE COUNTY, DR. SCHROYER, AND RN CLARK IN THEIR OFFICIAL CAPACITIES

Plaintiff concedes that the punitive damages alleged against the County and Dr. Schroyer and RN Clark (in their official capacities) must be dismissed. As such, even if the complaint is not dismissed in its entirety, the punitive damages claim against the County and Dr. Schroyer (in his official capacity) and RN Clarks (in her official capacity) must be dismissed.

## **CONCLUSION**

For the reasons stated herein, and in the initial Memorandum of Law, the moving defendants' motion to dismiss should be granted, and the plaintiff's Complaint should be dismissed.

Dated:  October 27, 2025

MURPHY BURNS GROUDINE LLP

By: _____
Stephen M. Groudine, Esq.
Bar Roll No.: 516070
Attorneys for Defendants
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email: sgroudine@mbglawny.com

TO:   RICKNER PLLC
Attn:  Rob Rickner, Esq.
Attorneys for Plaintiff
14 Wall Street, Suite 1603
New York, New York 10005
Telephone: (888) 390-5401